IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GWEN BRAZELLE**, <br><br> *Plaintiff,* <br><br> v. <br><br> **CITY OF PHILADELPHIA, by and through its OFFICE OF HOMELESS SERVICES**, <br><br> *Defendant.* | **Case No. 2:25-cv-04853-JDW** |

## MEMORANDUM

Gwen Brazelle filed her claims against the City of Philadelphia in state court, but once the City removed the matter here, Ms. Brazelle disappeared, and she has not taken any steps to prosecute her claims before me. Because this case cannot go forward without her participation, I will dismiss this matter.

## I.   BACKGROUND

On August 5, 2025, Ms. Brazelle filed a lawsuit against the City of Philadelphia's Office of Homeless Services in the Court of Common Pleas of Philadelphia County. Her claims stem from the City's alleged operation of homeless services at the Arch Street United Methodist Church in Philadelphia, Pennsylvania. Ms. Brazelle is "a homeless individual who regularly uses the drop-in center" at the Church. (ECF No. 1-1 at 10.) She alleges that the building is unsafe and inaccessible due to a sidewalk closure, and she

contends that by directing homeless individuals to access services there, the City has violated the Fourteenth Amendment, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

On August 25, 2025, the City removed the case to this Court, asserting that the Court has federal question jurisdiction over Ms. Brazelle's claims. The very next day, the City moved to dismiss Ms. Brazelle's Complaint in its entirety. Pursuant to the Court's Local Rules of Civil Procedure, Ms. Brazelle's response to the motion, if any, was due by September 9, 2025. *See* L. R. Civ. P. 7.1(c). Ms. Brazelle did not file an opposition by that time. However, given her *pro se* status, I provided her additional time to respond—until October 10, 2025—and I advised her that if she failed to do so, I would grant the motion as unopposed pursuant to Local Rule Of Civil Procedure 7.1(c). Having received no response in opposition, I issued another Order on October 22, 2025, and provided Ms. Brazelle with an opportunity to show cause why I should not dismiss this matter with prejudice for failure to prosecute. I gave her until November 14, 2025, to make that showing. To date, Ms. Brazelle has not filed any response to the City's motion or my Order to show cause; nor has she taken any action to suggest that she intends to pursue this matter further.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to

comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

In the context of a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), granting a defendant's motion to dismiss a case where the plaintiff has failed to respond is akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a severe sanction like dismissal with prejudice requires a *Poulis* analysis. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). That's true even if the plaintiff has been ordered to respond and warned that failure to do so could result in dismissal. *See Brzozowski v. Pennsylvania Tpk. Comm'n*, 738 F. App'x 731, 734 (3d Cir. 2018) (*per curiam*).

### III. DISCUSSION

In *Poulis*, the United States Court of Appeals for the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary ... ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint. *See Briscoe v. Klause*, 538 F.3d 252, 263 (3d Cir. 2008). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

As to the first *Poulis* factor, "a pro se plaintiff is personally responsible for complying with the court's orders." *See id.* at 258-59. After the deadline to respond to the City's Motion To Dismiss came and went, I gave Ms. Brazelle additional time to respond. In doing so, I advised her that if she failed to respond, then I would grant the motion as unopposed pursuant to the Court's Local Rules. She also failed to respond to my Order to show cause as to why I should not dismiss this matter with prejudice for failure to prosecute. This factor weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quote omitted). This case is in its early stage of litigation, so there appears to be no prejudice from the delay. However, as a practical matter, it is unclear how anyone could defend against a case with an unresponsive plaintiff if the case were to move forward.

4

The third factor, a history of dilatoriness, weighs in favor of dismissal. I must assess this factor over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261. However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as ... consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Ms. Brazelle has failed to respond to the City's motion on two occasions: (1) she did not respond by the initial deadline, and (2) she did not respond by the extended deadline I provided her. She also did not respond to my Order to show cause.

This case is in the early stage of litigation, but it cannot proceed further due to Ms. Brazelle's repeated failure to respond, despite my Orders warning her of the consequences should she fail to do so. Though Ms. Brazelle is proceeding *pro se*, she appears to have understood the import of the City's Notice Of Removal. Indeed, a review of the publicly available docket in the state court matter reveals that Ms. Brazelle has not submitted any additional filings on the state court docket. In addition, the Court has not received any returned mail from Ms. Brazelle, which suggests that she received my prior Orders advising her about what would happen if she failed to respond to City's motion and my Order to show cause. Thus, there is no apparent explanation for her failure to prosecute this case, and this factor weighs in favor of dismissal.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal. On this record, Ms. Brazelle's failure to file a response may fairly be understood as willful.

The fifth factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal because the record suggests that no other sanction would be effective. Ms. Brazelle's continued failure to respond to the pending motion, if left unaddressed, would be a complete barrier to this case proceeding beyond the pleadings stage. Given the procedural posture of this case, Ms. Brazelle's *pro se* status, her apparent indigency, and her unwillingness or inability to prosecute her claims, it is difficult to determine what lesser sanction might be available or appropriate in this context. *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990).

Under the sixth *Poulis* factor, I must consider if the claims or defenses are meritorious. *See Poulis*, 747 F.2d at 869-70. As in *Poulis*: the defenses proffered in the motion to dismiss are compelling; Ms. Brazelle makes no allegation that would avoid these defenses; and she has not filed any response to the Motion To Dismiss. Thus, even if Ms. Brazelle could maintain meritorious claims, the City has articulated compelling defenses to her claims, which weighs in favor of dismissal. Even if I were to find the sixth *Poulis* factor to be neutral, the first, third, fourth, and fifth *Poulis* factors weigh in favor of dismissal, and applying the overall analysis also weighs in favor of dismissing this action.

6

## IV. CONCLUSION

A plaintiff may have a meritorious claim, but once the defendant removes the case to this Court, the plaintiff must prosecute her claim in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules of Civil Procedure, and any Orders to prove that claim and entitle her to judgment. Without a plaintiff participating in the legal process, this case cannot move forward. I will therefore dismiss it. A separate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 19, 2025